■ BRIGITTA SWEENEY, Respondent, v. RICHARD A. SWEENEY, Appellant. — In an action for divorce, defendant appeals from a judgment of the Supreme Court, Richmond County, entered October 15, 1971, which granted plaintiff a divorce on the ground of cruel and inhuman treatment and awarded her alimony, support for the parties' two infant children, and counsel fees. Judgment modified on the facts and in the interests of justice by striking therefrom the second, third and fourth decretal provisions, which awarded plaintiff custody of the issue of the marriage, granted defendant visitation rights, and granted plaintiff $100 per week alimony and support for her and the infant children and matter remitted to the trial court for a hearing and new determination on the above issues, and for entry of an amended judgment after rendition of such new determination. As so modified, judgment affirmed, without costs. Upon oral argument of the instant appeal, by the husband, *pro se,* the court was informed that the plaintiff was presently ill and incapable of taking care of the children, and that the infant children are presently residing with their paternal grandparents. In light of these changes in circumstances, we deem it to be in the best interests of the children to remit to the lower court for a new determination. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ THOMAS THOMASIAN et al., Respondents, v. LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant.— Resettled judgment of the Supreme Court, Westchester County, entered October 11, 1971, affirmed, with costs. No opinion. Appeal from judgment of said court, entered August 11, 1971, dismissed, without costs. The judgment of August 11, 1971 was superseded by the resettled judgment. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ SUSANNE T. WATKINS, Respondent, v. JOHN B. WATKINS, Appellant.— In an action for divorce, defendant appeals from so much of an order of the Supreme Court, Westchester County, entered September 24, 1971, as directed him to pay plaintiff $650 per week alimony *pendente lite.* Order modified by reducing the award for temporary alimony to $500 per week. As so modified, order affirmed insofar as appealed from, without costs. In our opinion, the award for temporary alimony was excessive to the extent indicated herein. In the interests of justice, an immediate trial should be held to determine the rights of the parties. Munder, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.